UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------x
PAUL M. CICCHETTI

    Plaintiff,

-against-                                      FIRST AMENDED
                                          COMPLAINT
                                           for damages
                                          JURY TRIAL
                                          DEMANDED

THE NEW YORK TIMES COMPANY and SAL LAVECCHIA,

    Defendants.

------------------------------------------------------------------------------------x

    Plaintiff, Paul M. Cicchetti, by his attorney, Eleanor Jackson Piel, for his first amended complaint in this action, alleges:

## JURISDICTION

1. This case arises under the Americans with Disabilities Act, 42 U.S. C. § 12102 et seq., New York Executive Law § 296 3a et seq. and the New Jersey Law Against Discrimination, New Jersey Statute § 10:5-12.

2. The plaintiff is a pressman and has been employed by the defendant newspaper in its press operations. He was hired in that capacity and has worked in the facilities of the New York Times in New Jersey and New York since his initial employment in September of 1982

## PARTIES

3. At all relevant times, the defendant New York Times, a national

1

newspaper, is a "covered entity" pursuant to the Americans with Disabilities Act. At all time mentioned herein, defendant New York Times was the employer of defendant Sal LaVechia and endorsed and approved of his actions with respect to the plaintiff.

4. At all relevant times defendant Sal LaVecchia was and is the Pressroom General Foreman at The New York Times manufacturing facility at 3003 Woodbridge Avenue, Edison New Jersey, is employed by the Defendant New York Times, and is in charge of the physical production of the newspaper.

5. At all relevant times plaintiff was and is a disabled person within the meaning of the Americans with Disabilities Act (ADA) 42 U.S.C.~ 1211(8), the New York Executive Law §296, and the New Jersey Law Against Discrimination §10:5-12. At all relevant times, the defendants knew of the plaintiff's disability.

## FACTS

6. Plaintiff was first employed by the defendant, the New York Times, as a pressman in September, 1982, and has worked there continuously until June 8th, 2005, when he became ill and was unable to work.

7. Some time in 1995, plaintiff was appointed to a supervisory position called "Pressman in Charge," (PIC) a position in which he was responsible

for a printing press crew varying between 5 and 15 men. Thereafter, he operated as a supervisor and in all respects fulfilled the requirements of the position for a period of approximately 10 years.

8. On or about April 25, 2004 defendant Sal LaVecchio, then recently appointed the Pressroom General Foreman of the Defendant New York Times, removed plaintiff from the position of "Pressman in Charge,"(PIC) falsely claiming that presses under his supervision were producing high waste percentages and exhibiting later starting times. This was untrue. Plaintiff Cicchetti, had no previous citations for poor production or high waste or late start times and no blemishes on his record.

9. Plaintiff Cicchetti is partially disabled from workplace injuries suffered at The Times, requiring him to wear full length leg braces on both legs, which changes his gait, rendering it somewhat stilted. At all times set forth herein he was able and did perform his job.

10.  Defendant, Sal LaVecchia, acting on behalf of himself and the defendant, The New York Times, intended the unjustified firing of plaintiff as PIC as a prelude to dismissal from his employment. Defendant LaVecchia knew that the PIC job was the best job for plaintiff, taking into account his disabilities and his experience and knowledge and that this position would be the most productive for him in his position with the Times. Nevertheless, Defendant LaVecchia, intending to terminate the services of plaintiff,

assigned him to the job of tension man, a job involving standing and high shoulder work which Mr. Cicchetti had already inf ormed defendant management that his injuries prevented him from performing and which ordinarily he would not be required to do. When informed of this by the union representative, Mr. LaVecchia replied, "In that case, let him retire." Subsequently, Mr. Cicchetti was assigned through the direction of defendant Sal LaVecchia the oiler position, a job still more physically demanding than the PIC position. Six months later defendant. LaVecchia asked the same union representative when Mr. Cicchetti intended to request retirement.

11. Shortly thereafter defendant La Vecchia, posted and solicited applications for the position of Foreman. Requirements for Foreman were cited in the posting as experience as Pressman in Charge (PIC) and Greenbelt training. Plaintiff had experience and training both as Pressman in Charge and, Greenbelt training, a level of certification in the company's Six Sigma quality improvement program. Plaintiff, further, had other qualifications which included, approximately 200 college level credits in mathematics, physics and computer science as well as Master's Level certification in Neuro-Linguistic Programming, a leadership and communication training program. Plaintiff's training in the Greenbelt program and in NLP. This made plaintiff unique among all foreman candidates. Nonetheless, plaintiff's application for the position of Foreman

4

was ignored and he was denied the promotion.

11. Defendant LaVecchia, gave as a reason for denying plaintiff the promotion he requested that plaintiff had written a letter contesting his removal as PIC, because of his disability discrimination complaint. All of said actions by defendant :LaVecchia toward plaintiff were approved of and endorsed by the defendant, the New York Times.

12. Thereafter, plaintiff filed a complaint with the EEOC charging the defendant New York Times with discrimination in removing him from the supervisory job of Pressman in Charge (PIC).

13. Thereafter, and on February 7, 2005, plaintiff filed a second complaint with the EEOC charging that he was denied the Foreman position because of partial disability and post complaint harassment in violation of the Americans with Disabilities Act (ADA) 42 U.S. C. § 12102 (2) (c) because he was regarded as disabled.

14 Thereafter and on or about February 4, 2006, plaintiff filed a new complaint against the defendant, The New York Times, alleging its failure to accommodate the disability of the plaintiff, after notice to it orally over a period of seven years and subsequently in writing.

15. On March 23, 2006, the EEOC issued a right to sue to plaintiff for the claimed failure to accommodate the plaintiff's disability.

16. Copies of the three complaints and Rights to Sue are marked Exhibits A, B and C and are attached to this complaint.

17 . As a result of the actions of the defendants, plaintiff has suffered damages in the form of deprivation of increase in salary and benefits, in discouragement and in failing to receive the additional salary that he would have received as continuing PIC and as foreman, all to his damage in the sum of $500,000 or more.

16. As a result of the discrimination against him as aforesaid he has suffered further damage in the sum of $ 1,000,000.

WHEREFORE plaintiff demands judgment against the defendants in the sum of $1,500.000, for costs of suit and for whatever and further relief as is deemed appropriate in the premises.

Dated: New York, N.Y. April 6, 2006.

Eleanor Jackson Piel
36 West 44th Street
New York, N.Y 10036
(212) 575-0797

Attorney for Plaintiff
Paul Cicchetti